IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| PHILLIP MATTHEW BURGESS, ) | |
| ) | |
| Petitioner, ) | |
| ) | NO. 1:22-cv-00014 |
| v. ) | |
| ) | JUDGE CAMPBELL |
| JASON CLENDENION, Warden, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION

Phillip Matthew Burgess filed a pro se petition under 28 U.S.C. § 2254 for a writ of habeas corpus. (Doc. No. 1). Respondent filed a Motion to Dismiss the Petition as untimely (Doc. Nos. 12, 13) and Petitioner filed a Response. (Doc. No. 15). For the following reasons, Respondent's Motion will be **DENIED**, and Respondent will be directed to file an Answer to the Petition.

### I. BACKGROUND

A jury convicted Petitioner of first-degree murder, attempted first-degree murder, and aggravated assault. (Doc. No. 11-6 at 22–24). The court sentenced him to life imprisonment. (*Id.*). On January 28, 2014, the Tennessee Court of Criminal Appeals (TCCA) affirmed, and at that time, Petitioner's counsel did not file an application for permission to appeal to the Tennessee Supreme Court ("Rule 11 Application"). *State v. Burgess*, No. M2013-00252-CCA-R3CD, 2014 WL 309644 (Tenn. Crim. App. Jan. 28, 2014).

Petitioner filed a pro se petition for post-conviction relief. (Doc. No. 11-1 at 3–46). The court appointed counsel (Doc. No. 11-2 at 5–6) and held an evidentiary hearing. (Doc. Nos. 11-3, 11-4). At the hearing, Petitioner argued (among other things) that he was denied the opportunity to seek permission to appeal to the Tennessee Supreme Court on direct appeal due to the ineffective

assistance of counsel. (*See* Doc. No. 11-3 at 13–15). The court granted relief on that issue, reopening Petitioner's direct appeal to allow him to file a Rule 11 Application. (Doc. No. 11-2 at 13–26). The court stayed the post-conviction proceedings as to all other issues. (*Id.* at 13).

Petitioner filed an untimely Rule 11 Application, along with a motion for permission to file the application out of time. (Doc. No. 10-23). On January 18, 2019, the Tennessee Supreme Court granted Petitioner's motion to late-file the application, considered his Rule 11 Application, and denied it. (Doc. No. 10-24).

The proceedings then returned to the post-conviction court, and the court denied post-conviction relief on December 20, 2019. (Doc. No. 11-2 at 70–93). On March 11, 2021, the TCCA affirmed. *Burgess v. State*, No. M2020-00028-CCA-R3-PC, 2021 WL 928475 (Tenn. Crim. App. Mar. 11, 2021). Petitioner did not file a Rule 11 Application with respect to his post-conviction proceedings.

On April 27, 2022, Petitioner filed a habeas petition in this Court by declaring under penalty of perjury that he placed it in the prison mailing system on that date. (Doc. No. 1 at 25); *Miller v. Collins*, 305 F.3d 491, 497–98 (6th Cir. 2002).

## II. ANALYSIS

There is a one-year statute of limitations to file a federal habeas corpus petition. 28 U.S.C. § 2244(d)(1). This period begins to run "from the latest of" four dates, one of which is relevant here—"the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* § 2244(d)(1)(A). The limitations period is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." *Id.* § 2244(d)(2).

2

Respondent argues that, because Petitioner's counsel did not originally file a Rule 11 Application after the TCCA affirmed on direct appeal on January 28, 2014, Petitioner's judgment became final 60 days after that. (Doc. No. 13 at 3). Respondent is mistaken. The post-conviction court reopened Petitioner's direct appeal and granted him the opportunity to file a Rule 11 Application. Petitioner availed himself of that opportunity, and the Tennessee Supreme Court considered and denied his application. This sequence of events effectively "reset" the limitations period for purposes of 28 U.S.C. § 2244(d)(1)(A). *See Gonzalez v. Thaler*, 565 U.S. 134, 149–50 (2012) (explaining that a state court permitting a petitioner to "file an out-of-time direct appeal" will "'reset' the limitations period" such that the petitioner's judgment "become[s] final at 'the conclusion of the out-of-time direct appeal, or the expiration of the time for seeking review of that [out-of-time] appeal'") (quoting *Jimenez v. Quarterman*, 555 U.S. 113, 120–21 (2009)). That is because a judgment "is not yet 'final' for purposes of § 2244(d)(1)(A)" "where a state court grants a criminal defendant the right to file an out-of-time direct appeal during state collateral review, but before the defendant has first sought federal habeas relief." *Jimenez*, 555 U.S. at 121. This Court, therefore, must determine when Petitioner's judgment became final based on "the conclusion of [his] out-of-time direct appeal."[1] *Id.*

The Tennessee Supreme Court denied Petitioner's delayed Rule 11 Application on January 18, 2019. Petitioner did not file a petition for a writ of certiorari, so his judgment became final when the deadline to do so expired 90 days later. *See id.* at 119. At that time, Petitioner's post-

---

[1] Respondent argues to the contrary based on an unpublished decision by another judge of this Court. (Doc. No. 13 at 3 n.1 (citing *Grimes v. Perry*, No. 3:16-cv-02061, 2016 WL 5395953 (M.D. Tenn. Sept. 27, 2016)). It is unnecessary to address that case beyond noting that this Court is bound by the United States Supreme Court's decisions in *Jimenez* and *Gonzalez*, discussed above, while "[a] decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case." *Camreta v. Greene*, 563 U.S. 692, 708 n.7 (2011) (quoting 18 J. Moore et al., Moore's Federal Practice § 134.02[1] [d], p. 134–26 (3d ed. 2011)).

3

conviction proceedings were already pending, so the limitations period was immediately tolled. *See* 28 U.S.C. § 2244(d)(2). The TCCA affirmed the denial of post-conviction relief on March 11, 2021. Petitioner did not file a Rule 11 Application with respect to his post-conviction proceedings, so his judgment became final when the deadline to do so expired 60 days later. Tenn. R. App. P. 11(b); *Holbrook v. Curtin*, 833 F.3d 612, 619 (6th Cir. 2016). That was on May 10, 2021. The deadline for Petitioner to file a federal habeas petition was one year later, on May 10, 2022. Therefore, the Petition filed on April 27, 2022, is timely.

### III. CONCLUSION

For these reasons, Petitioner filed the Petition within the one-year statute of limitations. Accordingly, Respondent's Motion to Dismiss (Doc. No. 12) will be **DENIED**, and Respondent will be directed to file an Answer in accordance with the accompanying Order.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE